# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LISA A. TANKERSLEY                                                               PLAINTIFF

V.                CASE NO. 4:16-CV-00330 BSM-JTK

SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

## RECOMMENDED DISPOSITION

**I.** **Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief District Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Chief Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.** **Introduction:**

Plaintiff, Lisa A. Tankersley, applied for disability benefits on June 3, 2013, alleging a disability onset date of January 1, 2010 (Tr. at 12).[1] After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 20). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Tankersley has requested judicial review.

---

[1] Tankersley filed a prior application in 2012 that was denied initially on January 9, 2013, and she did not appeal. (Tr. at 12). The ALJ in this case properly found that *res judicata* applied and so the relevant time-period for this case began on January 10, 2013 and continued through the date of the decision on December 15, 2014. *Id.*; *See Blado v. Apfel*, 205 F.3d 356 (8th Cir. 2000).

For the reasons stated below, this Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

The ALJ found that Tankersley had not engaged in substantial gainful activity since the alleged onset date of January 10, 2013. (Tr. at 15). The ALJ found, at Step Two of the sequential five-step analysis, that Tankersley had the following severe impairments: osteoarthritis, diabetes mellitus, and morbid obesity. *Id.*

At Step Three, the ALJ determined that Tankersley's impairments did not meet or equal a listed impairment. (Tr. at 16). Before proceeding to Step Four, the ALJ determined that Tankersley had the residual functional capacity ("RFC") to perform the full range of light work. (Tr. at 17).

At Step Four, the ALJ found that Tankersley was unable to perform any past relevant work. (Tr. at 19). However, considering Tankersley's RFC, age, education, and work experience, the ALJ concluded that the Medical Vocational Guidelines required a finding of "not disabled" at Rule 202.17. (Tr. at 20). Consequently, the ALJ held that Tankersley was not disabled. *Id.*

## IV. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting

*Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Tankersley's Arguments on Appeal

Tankersley argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ should have reopened the prior application, he should have found carpal tunnel syndrome to be a severe impairment, he should have further developed the record, and the RFC did not fully incorporate Tankersley's limitations.

While Tankersley argues that HALLEX I-2-9-1 "mandates" reopening of the prior application, even though it was a final decision, an ALJ must reopen a prior case only if "the facts and evidence of the particular case warrant reopening." See HALLEX I-2-9-1, 1993 WL 643069. Tankersley contends her uterine cancer history warranted reopening, but after a robotic hysterectomy to remove the cancer, Tankersley testified she was cancer free. (Tr. at 15-26-29, 334, 427-428). She "recovered pretty quickly" from surgery, there was no further threat of cancer according to her testimony, and she did not return for the scheduled follow-up. (Tr. at 15, 31). Her doctor said no further treatment was indicated. (Tr. at 14, 459). To meet the durational requirement for disability, an impairment must last or be expected to last not less than twelve (12) months. *See Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). Tankersley has not shown that uterine cancer required a reopening of her prior case.

As for carpal tunnel syndrome ("CTS"), a claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v.*

3

*Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). Tankersley experienced some pain and limited motion in her wrists, but she had surgery on her right hand in 2009, well before the relevant time-period, and her doctor noted also that left CTS was not as bad as the right. (Tr. at 261, 500). Furthermore, the only treatment rendered was the conservative use of wrist braces and physical therapy (at which Tankersley showed improvement). (Tr. at 264-265, 286). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Tankersley had good tolerance for therapy and she could work without restrictions according to the physical therapist. (Tr. at 264-273). The ALJ did not err when he found carpal tunnel syndrome was non-severe.

Tankersley also claims that the ALJ should have further developed the record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

Tankersley complains that there was no treating physician medical opinion in the record, but she did not provide such, and it was her duty to present her strongest case. Also, while an MRI showed evidence of mild stenosis and minimal bulging with moderate arthropathy in the lumbar spine, mild to moderate conditions are not indicative of disability. (Tr. at 260); *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Especially when subsequent clinical exams showed negative straight leg-raise, normal gait and coordination, no muscle spasm or weakness,

4

and normal reflexes and range of motion. (Tr. at 301-305). A September 2012 physical examination revealed moderate limitations due to generalized pain, but that examination pre-dated the relevant time-period, and Tankersley sought no concerted treatment for her back pain. (Tr. at 322-326). She had o injections, though they were recommended, no pain management, no physical therapy, and no surgery. Again, conservative treatment undermines claims of disability. Furthermore, Tankersley could perform a variety of daily activities, like preparing meals, doing laundry and dishes, feeding her pet, driving, and walking around her property. (Tr. at 192-197). Inconsistencies between subjective complaints of pain and daily living patterns diminish credibility. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Additionally, Tankersley admitted she was fired from her last job due to downsizing, and that she filed for unemployment and did not try to get another job. (Tr. at 25). Drawing unemployment is facially inconsistent with a claim of disability. *Cox. v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998). Next, while she claimed she could not afford treatment for her conditions, she also said that her husband was making a good salary. (Tr. at 28). Finally, while Tankersley asserts that morbid obesity contributed to her inability to work, she was urged to diet and exercise, as well as quit smoking. There is no evidence that she followed her doctors' recommendations; a failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

Further development of the record was not warranted, because Tankersley treated infrequently, performed activities of daily living, did not follow doctors' recommendations, and stopped work for reasons other than disability. Clinical exams were mostly normal, and state-agency physicians found her capable of light work, as the record indicated. (Tr. at 46, 67). The

RFC for light work fully incorporated Tankersley's conditions.

## V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ was not required to reopen the first application, he properly evaluated CTS, he benefited from a fully developed record, and the RFC incorporated all of Tankersley's limitations. The finding that Tankersley was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 15th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE